678

## IRWIN et al. v. UNITED STATES.

### No. 6652.

United States Court of Appeals for the District of Columbia.

Argued Jan. 4, 1937.

Decided Feb. 1, 1937.

Charles E. Ford, Harry T. Whelan, and James J. Laughlin, all of Washington, D. C., for appellants.

Leslie C. Garnett, U. S. Atty., and Roger Robb, Asst. U. S. Atty., both of Washington, D. C.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

Appellants were convicted of violation of the gambling laws of the District of Columbia.

The question urged on this appeal is the alleged insufficiency of the search warrant. ▆▆ The warrant was issued by a United States commissioner on the complaint of a police officer and on his affidavit that he had personal knowledge that the building to be searched was being used for gambling purposes. The warrant describes the premises as—the premises of Morris E. Irwin, also known as Dutch Irwin, which said premises are occupied by the said Morris E. Irwin as "The Humidor," said premises being described as 1121 Fourteenth Street, N. W., and being within the District of Columbia. The ground floor of No. 1121 Fourteenth street is occupied as a cigar store and billiard room operated by Irwin, having a sign on the outside marked "Humidor." The building contains four stories, and the entrance to the upper stories is exclusively through the billiard room on the ground floor. The second floor also was used as a billiard room, and from the ground floor to the top floor was a stairway from floor to floor. At the fourth floor there was a locked and barred door which had to be broken down to gain admission when the search was had. The officers searched the entire building, and the point made is that the use of the descriptive word "Humidor" in the warrant confined a legal search to the ground floor. But the entire building was rented in the name of the appellant Gibson—an employee of Irwin—and the gambling paraphernalia was owned by Irwin and the place was operated by him. In addition to this, there was an electric warning signal extending from the billiard room on the ground floor to the gambling room on the fourth.

We think the description in the warrant was sufficiently definite. Enough appears in what we have said to show that the entire place was one unlawful enterprise so connected up that access to all the parts could only be had through the ground floor marked "Humidor." Obviously, if the word "Humidor" had not appeared in the warrant, no question would be raised. But we think the word itself may be treated as surplusage, since the premises to be searched were accurately described by street and number, and in any case that the word "Humidor," in the facts of this case, applied to the upper stories, and especially to the gambling room, as much so as to the ground floor. The Supreme Court has said in Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757, that it is enough if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended. The warrant here easily measures up to this standard, and

we think it can be just as reasonably urged that the whole ground floor, if divided by partitions or doorways, could not be searched as to say that the upper stories, exclusively and directly connected with the ground floor, could not likewise be searched.

Judgment affirmed.