**MARTIN v. UNITED STATES.**

No. 1685.

Circuit Court of Appeals, Tenth Circuit.

Oct. 10, 1938.

A. C. Hough, of Oklahoma City, Okl. (S. A. Byers, of Oklahoma City, Okl., on the brief), for appellant.

Charles E. Dierker, U. S. Atty., of Shawnee, Okl. (Wade H. Loofbourrow, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This is an appeal from a conviction on the first count of an indictment which charged the unlawful removal and concealment of distilled spirits upon which the tax imposed by law had not been paid, with the intent to defraud the United States of such tax.

The action of the court in denying a motion to suppress certain evidence and to quash the indictment is challenged.

The grounds of the motion were that the affidavit for the search warrant did not particularly describe the place to be searched, and the persons or things to be seized; that it contained an incorrect description of the real estate on which the residence and outhouse to be searched were located; that the warrant was void on its face; and that it was not duly or properly executed by giving appellant a copy of it and by giving him a receipt for the property taken. The premises were described in the affidavit for the search warrant as "a frame house located on the SW¼ of the SW¼ Sec. 34, Twp. 15 N. Range 2 W. Logan County, Oklahoma, together with a frame outbuilding." It was recited in the affidavit that such premises were the farm premises of appellant; that he occupied them; and that they were situated in Logan County, Oklahoma. The premises were described twice in the warrant by reference to legal subdivisions. One of such descriptions was identical with that contained in the affidavit, and the other was the same except that the range was "2 N". The warrant subsequently made like reference to the premises as being the farm premises of appellant, as being occupied by him, as being under his supervision, and as being in the County of Logan, and State of Oklahoma. The parties agree that the description in the affidavit and the identical description in the warrant were correct, and that the only inaccuracy in the other description in the warrant was in the recitation of the range as two north instead of two west. The uncontroverted evidence disclosed that the title to the land was in the wife of appellant; that appellant and his family resided and occupied a six-room dwelling upon the premises; and that there were outhouses near the dwelling.

■■ The Fourth Amendment to the Constitution of the United States provides that no search warrant shall issue except upon probable cause, supported by oath or affirmation; and that the place to be searched, and the persons or things to be seized, shall be particularly described. The requirement of the provision is met if the description in the warrant is sufficient to enable the officer to whom it is directed, through the exercise of reasonable effort, to locate the intended premises definitely and with certainty. In this instance the warrant recited that the premises were located in Logan County; that they were the farm

premises of appellant; and that he occupied them and exercised supervision of them. They were described in one instance with accuracy and precision in respect to legal subdivisions, and the single inaccuracy in the other instance concerned only the range; and that was an impossible description because there was no range two north in Logan County, Oklahoma. The warrant described the premises with sufficient accuracy to enable the officer to whom it was directed, through the exercise of reasonable effort, to locate the premises definitely and with certainty, and hence it was not open to the attack directed against it in respect to description. Steele v. United States No. 1, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757; Rothlisberger v. United States, 6 Cir., 289 F. 72; Fall v. United States, 9 Cir., 33 F.2d 71; United States v. Fitzmaurice, 2 Cir., 45 F. 2d 133; Rose v. United States, 8 Cir., 45 F.2d 459; Johnson v. United States, 6 Cir., 46 F.2d 7; Shore v. United States, 60 App. D.C. 137, 49 F.2d 519; Benton v. United States, 4 Cir., 70 F.2d 24; Irwin v. United States, 67 App.D.C. 41, 89 F.2d 678; Sparks v. United States, 6 Cir., 90 F.2d 61.

■ The remaining grounds of the motion were that the search warrant was not duly or properly executed by giving appellant a copy of it and by giving him a receipt for the property taken. Affidavits of appellant and two others were attached to the motion. They showed that appellant was present at the time of the search and seizure, and they tended to show that the officer failed to give him a copy of the warrant or a receipt for the property taken; but the verified return of the officer on the warrant recited specifically and in detail that both a copy of the warrant and a detailed receipt for the property taken were given to him. Appellant testified that neither a copy of the warrant or a receipt was given him. His wife and two others who were present each testified that they did not see the officer hand him any papers; but his wife and one of the witnesses further testified that after he and the officer left the premises a copy of the warrant was found on the dining table in the kitchen where the search and seizure took place. The officer testified that he handed a copy of the search warrant to appellant while the search and seizure were being made, and that he gave appellant a receipt for the property about an hour after they left the premises. The

evidence was in sharp conflict, but it warranted a finding that a copy of the warrant was given to appellant during the search and seizure, and that a receipt for the property taken was given him soon thereafter. It is provided by statute that when an officer takes property under a search warrant, he is required to give a copy of the warrant and a receipt specifying in detail the property taken to the person from whom it was taken, or in whose possession it was found; or if no person is present, they must be left in the place at which the property was found. 18 U.S.C.A. § 622. But the statute does not provide in terms that the receipt must be handed to the person on the premises in immediate connection with the search and seizure else they shall be invalid. The warrant was valid; the original entry was lawful; and the delivery of the receipt within an hour after the seizure had been completed did not render them void or the evidence growing out of them inadmissible. See McGuire v. United States, 273 U.S. 95, 47 S.Ct. 259, 71 L.Ed. 556; Giacolone v. United States, 9 Cir., 13 F.2d 108; Hurley v. United States, 1 Cir., 300 F. 75; United States v. Clark, D. C., 298 F. 533; United States v. Gaitan, D. C., 4 F.2d 848; United States v. Kaplan, D. C., 286 F. 963.

Error is assigned upon the refusal of the court to submit to the jury the question of the validity of the search and seizure proceedings. The lawfulness of the search and seizure related solely to the admissibility of the evidence concerning the whiskey (in this instance the testimony of the officer) and was a question for the court. Steele v. United States No. 2, 267 U.S. 505, 45 S.Ct. 417, 69 L.Ed. 761; Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793; Eierman v. United States, 10 Cir., 46 F.2d 46; United States v. Jankowski, 2 Cir., 28 F.2d 800; Gerahty v. United States, 4 Cir., 29 F.2d 8; Occinto v. United States, 8 Cir., 54 F.2d 351; Shore v. United States, 61 App.D.C. 18, 56 F.2d 490; Boyer v. United States, 5 Cir., 92 F.2d 857.

Error is also predicated upon the refusal of the court to instruct the jury that in order to convict they must find that appellant had removed the liquor in question from a distillery warehouse or a bonded warehouse. The contention rests upon the postulate that the first count in the indictment attempted to charge an offense under Section 1287, Title 26 U.S.C.A. The count charged that appellant removed and concealed distilled spirits, to-wit: whiskey, upon which the tax required and imposed by law had not been paid, with the intention on his part to defraud the United States of such tax. The offense charged was clearly under Section 3450 of the Revised Statutes, as amended by Section 325, Title 3 of the Act of June 26, 1936. 49 Stat. 1955 being Section 1441 of Title 26, supra, not Section 1287. It is not essential to a conviction under that section that there be charge or proof that the property removed or concealed had been taken from a warehouse of any kind.

Stress is laid upon the point that the endorsement on the indictment recited that the charge was for a violation of Section 1287. The offense laid in an indictment is charged by the allegations of fact, not by reference to statutes. If reference to a statute is essential for the reason that the indictment does not make sense or is lacking in necessary allegations without it, an incorrect reference may be fatal. But where an offense is otherwise sufficiently charged, an incorrect reference to a statute does not render the indictment invalid. That doctrine applies where the mistaken reference occurs in the body of the indictment. Johnson v. Biddle, 8 Cir., 12 F.2d 366. No case has been called to our attention and we venture to think none can be found in which it is held that a mistaken reference to a statute appearing in the endorsement on an indictment affects the elements of the offense charged.

The insufficiency of the evidence to support the judgment is argued at length. It would not serve any useful purpose to detail the evidence at length. It is enough to say that there was testimony which the jury manifestly believed, that the officer entered the living room of the residence and advised the wife of appellant that he had a search warrant; that looking through an open door he saw appellant in the kitchen with a ten gallon wooden keg in his arms; that the wife of appellant shut the door; that the officer opened it, entered the kitchen, and took the keg from appellant; that the keg was wet with whiskey on the bung side and did not contain anything except a handful of charcoal; that there were two one-gallon jugs in an inverted position with whiskey running from them into the lavatory; that the lavatory was full of whiskey; that the officer turn-

ed up the jugs and they each contained about a pint of whiskey; that there were no revenue stamps on them; and that a sample of the sewage taken from the end of the line running from the lavatory smelled strongly of liquor. In addition, appellant testified in the course of cross examination that he had been convicted once in 1926 for violation of the National Prohibition Act and twice in 1936 for violations of the Internal Revenue Act. The evidence fully supported the finding of guilt.

The judgment is attacked on the ground that the sentence imposed is excessive. The fixing of penalties for criminal offenses is a legislative function; and where a sentence is within the limits prescribed by the statute which has been violated, it will not ordinarily be disturbed for being excessive, cruel, or unusual. Bailey v. United States, 10 Cir., 74 F.2d 451. This sentence is within the limits of the statute and cannot be regarded here as objectionably excessive.

Other questions are argued. We have examined them and think they lack merit.

The judgment is affirmed.