### UNITED STATES of America
#### v.
### Joan C. CONTEE.
### No. 1108–58.

United States District Court
District of Columbia.
Feb. 10, 1959.

Frederick G. Smithson, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Myron G. Ehrlich, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

Defendant Contee has been indicted for violation of the District of Columbia Code provisions prohibiting gambling.[1]

---

1. D.C.Code §§ 22–1501, 1502, 1505 (1951).

On May 19, 1958, two members of the Metropolitan Police Department swore out a warrant for the search of Apartment "A", 810 C Street, N. E. At 3:30 p. m., on the same day, the warrant was executed and certain property seized. Defendant Joan Contee, also known as Joan Williams, the tenant of the apartment entered and searched by the police, seeks to have evidence seized on her premises suppressed at her trial.

Defendant asserts that any of the following contentions necessitates the suppression of the evidence: (1) the warrant is insufficient on its face; (2) there was no probable cause for believing the existence of the grounds for which the warrant was issued; (3) the warrant was illegally executed.

 The first contention rests on the proposition that the warrant did not sufficiently describe the premises to be searched since it specifies the

"premises 810 C St. N. E. (entire Apt. A) Washington D. C. Occupied by Joan Williams per records of Gas & Elec. Co."

and that, in point of fact, there is no "Apt. A" in 810 C Street, N. E.

It is undisputed that there are two apartments in 810 C Street, N. E., and that the police entered and searched the apartment on the ground floor, occupied by defendant Contee (a/k/a Williams). But there is no letter affixed to the door leading to defendant's apartment. Defendant argues that there is, therefore, no "Apartment A".

The Court is of the opinion that there is no merit in this argument. Even if it is assumed that there is no "Apartment A",[2] the description is sufficient. Both the address of the premises and the name of the occupant of the particular apartment to be searched was here set forth in the warrant. Kenney v. United States, 1946, 81 App.D.C. 259, 157 F.2d 442 teaches us that such a description is a sufficient one.

It should be emphasized that this is not a case where the warrant described one place and the police searched another. This is a case of a superfluous designation which, we have assumed, is erroneous. Steele v. United States No. 1, 1925, 267 U.S. 498, at page 503, 45 S.Ct. 414, 416, 69 L.Ed. 757, sets forth the general principle that

"It is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify [it]." (Taft, C.J.)

The Court is of the opinion that an officer, with reasonable effort, could identify the defendant's apartment as the one commended to be searched.[3] Cf. Irwin v. United States, 1937, 67 App.D.C. 41, 89 F.2d 678.

 Defendant's second contention is that probable cause for the issuance of

---

2. It has been stipulated that the Gas and Electric Companies' records do indicate that the ground floor apartment of 810 C Street, N.E. is occupied by Joan Williams and is Apartment "A". A strong argument can be advanced that the community's belief that the defendant's apartment is Apartment "A" serves to make it Apartment "A"—even if the defendant does not desire the designation. Furthermore, the Court notes that the defendant paid her gas and electric bills and had not complained of the designation to said companies. The question need not be answered, however, because of the Court's belief that the designation is merely superfluous.

3. It cannot reasonably be argued that the designation, while superfluous, was, nevertheless, misleading (and therefore rendered the description insufficient) for three reasons: First, if either of two apartments in a two-apartment, two-story house could reasonably be said to be Apartment "A", it would be the ground floor apartment and not the apartment on the second floor. Second, the very officers who made the investigations and knew the apartment as Apartment "A" swore out the warrant and executed it. Third, the bills did indicate the apartment as "Apt. A" (see footnote 2, supra).

**28**

the warrant did not exist. This is a factual question and for its solution an examination of the affidavit, upon which the search warrant was based, is necessary. This affidavit was discussed by the Court in its memorandum of January 19, 1959, in which the Court was concerned with two co-defendants in this case and premises 1403 F. Street, N. E. That memorandum is incorporated here by reference so that a reanalysis of the conduct of John Doe No. 1 and Oscar Long and the operations of the Lincoln and Dodge automobiles will not be necessary. It is enough to say that these men and the two automobiles were intimately connected with gambling operations and that their activities serve to tie 810 C Street, N. E. to other premises that clearly were being used in the operation of a lottery.[4]

The facts set forth in the affidavit converge on 810 C Street, N. E. They show the following: on April 30, 1958, towards the end of the police investigations, the Lincoln was followed to 8th and E Streets, N. E. On May 7, the Dodge was followed to 8th and C Streets, N. E. On May 8, Oscar Long was observed meeting John Doe No. 1 at the corner of 8th and D Streets, N. E., and getting into the Dodge, which was "last seen going through an alley in the rear of the 800 block C Street, N. E." On May 12, 13, 14, 16, and 17, one of the police officers concealed himself in this alley and about 3:15 p. m. saw the Dodge driven into it; saw Long leave the Dodge and enter the rear of 810 C Street, N. E., Apartment "A", carrying a large brown (sometimes white) paper bag.

The Court is of the opinion that there was probable cause to believe 810 C Street, N. E., Apartment "A", was being used in violation of the gambling laws.

■ The third contention has not been substantiated either in defendant's motion or on oral argument and the Court, therefore, will consider it abandoned.

The motion is denied.

---

4. For example, at one of the premises—613 2nd Street, N. E.—a police officer had placed twelve bets.