**UNITED STATES of America,
Appellant,**

v.

**Ernest M. GREELY.**

**No. 22532.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 17, 1969.

Decided March 26, 1970.

Mr. Thomas C. Green, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, and Charles A. Mays, Asst. U. S. Atty., were on the brief, for appellant. Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Roger E. Zuckerman, Asst. U. S. Attys., also entered appearances for appellant.

Mr. Allan M. Palmer, Washington, D. C., for appellee.

Before BAZELON, Chief Judge, and ROBINSON and MacKINNON, Circuit Judges.

BAZELON, Chief Judge:

This is a government appeal from a pre-trial order suppressing the identification testimony of two witnesses to an attempted robbery and felony-murder. The suppression order recites that the identifications were twice tainted, by an arrest without probable cause and by an unnecessarily suggestive display of photographs to each witness. This appeal is authorized by 18 U.S.C. § 3731 (Supp. IV 1965–1968).

■ The record does not afford an adequate basis for appellate review of the trial court's decision to suppress the identifications. We cannot review the legal determination that probable cause was lacking without knowing how the district court resolved the underlying issues of fact concerning the circumstances of the arrest. We have similar difficulty in reviewing the determination that no independent source dissipated the taint of a suggestive display of photographs. Therefore we remand for a statement of the findings of fact and conclusions of law on which the suppression order is based.

■ While this appeal was pending, the government sought to compel the trial court to reconsider its order in light of additional evidence newly proffered by the government. The trial court refused to reconsider, and this court refused to hear an appeal, reasoning that the statute authorizing government appeals from suppression orders does not authorize government appeals from refusals to reconsider. United States v. Greely, 134 U.S.App.D.C. 196, 413 F.2d 1103 (1969). Now that an appeal from the suppression order is properly before this court, however, our prior decision is no bar to consideration of the issues raised in that proceeding.

■ On remand the trial court will again be faced with the government's proffer of additional evidence. The government cannot relitigate the issues resolved by a suppression order without advancing some justification for its failure to develop those issues fully at the initial hearing. McRae v. United States, 137 U.S.App.D.C. 80, 85, 86, 420 F.2d 1283, 1288–89 (1969). There is no showing in the record of any such justification with regard to the evidence now proffered on the issue of probable cause. The government offers the testimony of a police officer tending to show that the clothing worn by the appellant at the time of the arrest matched the description that furnished probable cause for the arrest. In the absence of any explanation for the failure to elicit this testimony previously, the government should not be permitted to introduce it on remand.

■ The situation is different, however, with regard to the evidence now proffered on the issue of the photographic identifications. It appears that at the initial hearing evidence was adduced tending to show that John Henry Scott made an identification after seeing an unnecessarily suggestive display of photographs. The government thereafter conceded, possibly in reliance on defense counsel's stated understanding, that an essentially similar display of photographs produced an identification by David Crump. Now the government offers evidence tending to show that the circumstances of Crump's identification were significantly different from those of Scott's identification. Although it is apparent from the record that this was

**594**

simply an honest misunderstanding, we find sufficient justification to permit the government to reopen the issue and introduce this additional evidence.

The case is remanded to the district court for further proceedings, at which the government may introduce additional evidence with regard to the photographic identification made by Crump, and such other additional evidence as may be supported by a showing of justification. The district court will have the opportunity to reconsider its ruling on the motion to suppress on the record as it may be supplemented, and to provide the findings of fact essential to review of that ruling by this court.

So ordered.