**UNITED STATES of America**
**v.**
**Frederick L. KAYE, Appellant.**
**No. 22543.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 13, 1970.

Decided June 30, 1970.

Mr. John S. Hoff, Washington, D. C. (appointed by this Court), for appellant.

Mr. Harvey S. Price, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Mr. David G. Bress, U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and ROBB, Circuit Judge.

PER CURIAM:

The appellant was convicted on two counts of an indictment alleging that in violation of 18 U.S.C. § 641 he received, concealed and retained certain property of the United States, knowing the property to have been stolen. Count 1 alleged that the stolen item was a Geloso

---

tape recorder; count 2 alleged that it was a Bell & Howell projector.

On November 9, 1967 the police, pursuant to a search warrant, searched appellant's store where they observed, but did not seize, the Geloso tape recorder. They also searched the appellant's apartment over the store where they found and seized the Bell & Howell projector. On November 21, 1967, without a warrant, agents of the Federal Bureau of Investigation went to the store and seized the tape recorder. A motion to suppress the tape recorder as evidence was granted by the District Court so that the validity of that seizure is not an issue here.

After a hearing on July 19, 1968 District Judge Jones granted a motion to suppress the Bell & Howell projector, on the ground that the warrant did not authorize search of the apartment over the store. On August 20 and 21, 1968, however, District Judge Pratt heard and granted the government's motion to reconsider the ruling of Judge Jones; and after hearing testimony Judge Pratt denied the motion to suppress the projector.

The transcripts of the hearings before Judge Jones and Judge Pratt are in the record before us. Briefly, the evidence disclosed without contradiction that at the time of the search and seizure the appellant operated a store at 3618 14th Street, N.W., where he sold records, radios and television and stereo equipment and maintained a radio repair shop. The building at 3618 14th Street had two stories and a basement. The entire building was leased to the appellant under a lease which described the premises as "3618 and 3618½ 14th Street, N.W." The appellant's store and shop occupied the first floor and the basement. The occupancy permit authorized the appellant to conduct his business on the first floor. On the second floor was an apartment occupied by the appellant as living quarters, although the appellant also had a desk and kept some files there. A door opened from the street into the store. Next to this door and separated from it by a partition was a second door opening from the street on to a staircase which led to the second floor apartment. The store and apartment were separate and distinct; there was no door or direct passage between them. Signs announcing the nature of the business conducted in the store were across the entire width of the building, below the windows of the second floor apartment. Bills for gas, electricity and telephone service for both the first and second floors were sent to the appellant. There were two electric meters, one for the second floor and one for the store, but there was only one gas meter. The telephone in the apartment carried a non-list number which did not appear in the directory.

There was conflict in the evidence as to whether the number 3618½ appeared on the door leading to the apartment. The appellant testified that this number did appear on a glass pane set into the door which was destroyed during the riots in April, 1968, six months after the search. At the hearing before Judge Jones the only police witness testified that he did not recall that such a number was on the door at the time of the search. At the hearing before Judge Pratt other police officers swore that there was no such number. It was not contradicted, however, that at the time of the hearings the records of the Census Bureau and the Post Office route records reflected a listing for 3618½ 14th Street and that the numerals "3618½", which had been painted over, appeared over the street door to the apartment.

The evidence disclosed that when the police executed the warrant they first searched the store and the basement under it. They then asked the clerk or manager, who was alone in the store, if she had a key to the locked street door to the second floor. She replied that she did not, that her employer—the appellant—had the key. She attempted to reach the appellant by telephone but was unable to do so and after waiting a few minutes the police forced the door and

proceeded to search the apartment. This search uncovered the Bell & Howell projector.

The warrant under which the police acted authorized only a search of "the premises known as 3618 14th Street N. W." As we have said, Judge Jones held that the search of the apartment was not authorized by this warrant and was therefore invalid. He rejected the argument of the Assistant United States Attorney that the scope of the search warrant was determined or broadened by the description of the premises contained in the supporting affidavit.[1] At the hearing before Judge Pratt on August 21, 1968, however, the prosecutor returned to this argument and asserted that the premises to be searched were described in the warrant as "a two-story brick building". Upon this basis—that the search warrant described the premises as a two-story brick building— Judge Pratt held that the search was good.

In its brief in this court the government again confuses the description contained in the supporting affidavit with that appearing in the warrant. Thus the government asserts that

"On November 9, 1967 police officers executed a search warrant for the 'entire premises 3618 14th Street, N.W., Washington, D. C., *a two story brick building used for the sale and service of TV's, stereos and records with a large sign reading "Frederick L. &* Co." ' (1 Tr. 7)." (Emphasis supplied.)

From what we have said we think it plain that Judge Jones was correct and that Judge Pratt's ruling was the result of misunderstanding and confusion between the warrant and the supporting affidavit. As Judge Jones rightly held, the premises to be searched were those described in the warrant as 3618 14th Street, N.W., not "a two-story brick building".[2]

The store and apartment were not an integrated unit but were two separate and distinct parts of the building. There was no access to the apartment from the store and no apparent connection between the two. The arrangement is typical of that so frequently existing in urban communities, where living quarters are found over stores. When a store and an apartment are thus arranged a warrant authorizing search of the store—as this warrant did—can hardly be stretched to justify an intrusion into the apartment, regardless of language in the supporting affidavit which might be construed more broadly. See Keiningham v. United States, 109 U.S.App.D.C. 272, 287 F.2d 126 (1960); Cf. Irwin v. United States, 67 App.D.C. 41, 89 F.2d 678 (1937). It is the description in the search warrant, not the language of the affidavit, which determines the place to be searched. Accordingly, we hold that the appellant's mo-

---

1. The affidavit which established probable cause to search was captioned: "Affidavit relative to request for District of Columbia Court of General Sessions search warrant for entire premises 3618 14th Street, N.W., Washington, D. C., a two story brick building used for the sale and service of TV's, stereos and records with a large sign reading 'Fredrick L. & Co.'." However, the search warrant as issued was captioned: "Entire Premises, 3618 14th St. N.W.". It authorized a search of "the premises known as 3618 14th St. N.W."

2. At the suppression hearing before him Judge Jones made it clear that "We have only one question, gentlemen—whether there are two doors, two entrances, one

search warrant covering both places. * * * Regardless of what the affidavit said, a search warrant was issued for the premises known as 3618 14th Street, Northwest." (Tr. 55) When the government argued that since the search warrant referred to "entire premises, 3618 14th Street, N.W.," the officer was entitled to search the apartment as well as the store, Judge Jones responded, "He is certainly to search the entire premises, the first floor and the basement—connected premises, doors between them." (Tr. 59) Judge Jones rejected the government's argument that the supporting affidavit expanded the language of the warrant because the affidavit described the premises as a two-story building.

tion to suppress should have been granted.

In view of our disposition of the case we do not reach the other serious questions raised by the appellant.

Reversed.

BAZELON, Chief Judge (concurring):

I concur in the court's opinion. In view of the court's holding, it is not necessary, strictly speaking, to decide whether it was error to relitigate the pretrial suppression ruling. I believe, however, that the proper administration of justice in this circuit requires us to say that the Government did not advance sufficient justification to warrant the trial judge in reconsidering another judge's prior order suppressing the illegally seized evidence. United States v. Greely, 138 U.S.App.D.C. 161, 425 F.2d 592 (1970); McRae v. United States, 137 U.S.App.D.C. 80, 420 F.2d 1283 (1969). *Cf.* 18 U.S.C. § 3731 (Supp. V, 1970) (authorizing government appeals from pre-trial orders suppressing evidence).