FRANZA, ARTHUR J„ Associate Judge.
This is an interlocutory appeal from an order of the trial court granting a motion to suppress. The question before this court is:
“whether the police’s error in failing to give appellees an exact duplicate of the original search warrant constitutes such error as to necessitate the suppression of the evidence.”
We reverse.
This opinion is narrowly limited to whether or not an unsigned and undated copy of the original search warrant left with the defendant necessitates the suppression of the evidence.
If an original search warrant was duly signed by the proper officer and was read to the defendant in toto before the search was commenced, the act of leaving an unsigned and undated duplicate of the original search warrant is solely an ad-ministerial act and not such error as would be prejudicial. State v. Featherstone, Fla.App.1971, 246 So.2d 597. Accordingly, the ruling of the trial court suppressing the evidence is reversed and this cause is hereby remanded to the trial court. This decision assumes that an original search warrant was duly issued by the proper officer pursuant to Officer Hobson’s testimony and that said warrant was read to the defendant in toto. The production of the original warrant and the reading of same rests upon and is the burden of the State to prove within the law upon the trial of this cause.
Absent the production of the original warrant at the trial, the trial court should suppress the evidence. See also United States v. Gross, D.C.S.D.N.Y.1956, 137 F.Supp. 244, and Evans v. United States, 6 Cir.1957, 242 F.2d 534.
Reversed and remanded.
WALDEN and OWEN, JJ., concur.