295 So.2d 308 (1974)
Douglas D. NOFS, Appellant,
v.
STATE of Florida, Appellee.
No. 73-724.
District Court of Appeal of Florida, Second District.
June 5, 1974.
James A. Gardner, Public Defender, and Samuel J. Swisher, Asst. Public Defender, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant pled nolo contendere to a charge of violation of Florida Drug Abuse Law, reserving his right to appeal the denial of his motion to suppress the evidence. After he had been adjudged guilty of possession of marijuana and possession of LSD and sentenced to a term of six months to four years for each offense, with the sentences to run concurrently, appellant brought this appeal.
Appellant first contends that the search warrant was served by an officer who was not authorized to execute it in violation of F.S. § 933.08 F.S.A. The warrant was directed to "the Sheriff and/or Deputy Sheriffs of Pinellas County, Florida; and police officers of the City of St. Petersburg, Florida." It was served in the City of Gulfport by a St. Petersburg police officer. However, Detective Parks, who *309 was not only a police officer but also a bonded deputy sheriff, testified at the hearing that he accompanied the other officers and assisted in searching the apartment. Said officer was present and aided in the execution of the warrant. The lower court was correct in finding that the warrant was executed in compliance with the provisions of the statute. See Byers v. State, Fla.App.2d 1959, 109 So.2d 382; Sharon v. State, Fla.App.3rd 1963, 156 So.2d 677.
Appellant next contends that the search warrant did not particularly describe the place to be searched in that after describing the apartment complex it set forth the portion to be searched as "the western-most apartment on the second story of the building."
The search warrant also described the apartment to be searched as a "separate unit being listed in St. Petersburg City Directory as 2502 1/2 Beach Boulevard, South, City of Gulfport, County of Pinellas, State of Florida." The evidence showed that the place searched was a split-level or townhouse apartment, with the main entrance and livingroom area on the second floor, and the kitchen-dinette area on the ground floor, the two areas being connected by an interior stairway. The officers searched both floors of the unit.
Appellant's reliance on State v. Gordillo, Fla.App.3rd 1971, 245 So.2d 898, is misplaced. In Gordillo the premises described contained two separate, unconnected apartments, the upstairs apartment being occupied by a person not named in the warrant.
In the instant case the affidavit supporting the search warrant, which by reference was made a part of the warrant, correctly gave the street address as 2502 1/2 Beach Boulevard, South. An officer executing the warrant would have had no difficulty in locating the place intended. Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925). The detailed description of the place to be searched would have been sufficiently specific without reference to the floor upon which the apartment was located, and therefore, such reference was surplusage and can be disregarded. State v. Lemon, Fla.App.2d 1968, 212 So.2d 322; State v. Gallo, Fla.App.2d 1973, 279 So.2d 71; United States v. Contee, D.C.D.C. 1959, 170 F. Supp. 26.
The evidence showed that the place searched had its main entrance on the second floor of the building, and that it was a single living unit, directly connected by an interior stairway. No intrusion was made into any other separate apartment. See Irwin v. United States, 1937, 67 App.D.C. 41, 89 F.2d 678; Anno. 11 A.L.R.3rd 1330. The officers had no reason to know that the place to be searched was a split-level, or townhouse apartment until after they had entered it to execute the search warrant. United States v. Santore, 2d Cir.1960, 290 F.2d 51; United States v. Jordan, 6th Cir.1965, 349 F.2d 107; Anno. 11 A.L.R.3rd 1330, 1345.
The search warrant described with reasonable sufficiency the place to be searched.
Appellant's final contention is that the motion to suppress should have been granted because the evidence obtained under the search warrant was not properly returned to the court, as provided by F.S. § 933.07, F.S.A.
The return of a search warrant is a ministerial act and any failure therein does not void the warrant, unless prejudice is shown. Evans v. United States, 6th Cir.1957, 242 F.2d 534; State v. Featherstone, Fla.App.3rd 1971, 246 So.2d 597; Cf. State v. Henderson, Fla.App.4th, 1971, 253 So.2d 158. While we have found no reported authority in Florida dealing with the exact situation, we think the same rule should apply. In State v. Ronniger, 1971, 7 Or. App. 447, 492 P.2d 298, the Court of Appeals in Oregon held that the fact that the property seized was not physically delivered to the magistrate who issued the search warrant did not constitute ground *310 for invalidating the search where defendant made no claim that he was prejudiced thereby.
In the case sub judice appellant did not claim that he was prejudiced by the fact that the property was not physically delivered to the court. In addition, since the properties seized were narcotic drugs, they could never be returned to him under the provisions of F.S. § 933.14 F.S.A. without a showing that such contraband articles were held, used or possessed in a lawful manner, for a lawful purpose, and in a lawful place. No such proof was offered by appellant in this case.
We hold that the lower court correctly denied appellant's motion to suppress the evidence.
The judgment appealed is, therefore,
Affirmed.
McNULTY and GRIMES, JJ., concur.