PER CURIAM.
The trial court suppressed evidence seized in execution of a search warrant, because the warrant was not executed by the deputy who made the affidavit upon which the search warrant was issued. We reverse.
By the terms of the search warrant, it could be executed by:
“IN THE NAME OF THE STATE OF FLORIDA, TO ALL AND SINGULAR:
“The Director of the Public Safety Department, Dade County, Florida, who is also known as the Sheriff of Metropolitan Dade County, Florida, or his Deputies and all Police Officers in Dade County, Florida, and the Commissioner of the Florida Department of Law Enforcement or any of his duly constituted Agents:”
* * * * * *
The evidence at the hearing on the motion to suppress showed that it was executed by an officer in the Public Safety Department *771 of Dade County [a deputy sheriff]. Even though he was not the one who caused it to be issued, he was one of the class identified in the warrant and, therefore, it was validly executed. Byers v. State, 109 So.2d 382 (Fla. 2d D.C.A. 1959); Sharon v. State, 156 So.2d 677 (Fla. 3d D.C.A. 1963); Nofs v. State, 295 So.2d 308 (Fla. 2d D.C.A. 1974); Section 933.08, Florida Statutes (1975). There was also some contention that the return was improperly executed. If this be so, it was subject to being corrected [Nordelli v. United States, 24 F.2d 665 (9th Cir. 1928); United States v. Greene, 141 F.Supp. 856 (D.C.1956)] and the improper return should not invalidate the properly executed search warrant. State v. Featherstone, 246 So.2d 597 (Fla. 3d D.C.A. 1971); Nofs v. State, supra.
Therefore, for the reasons above stated, the order under review be and the same is hereby reversed, we having found that the warrant was validly issued and executed. However, the court may entertain, upon remand, such proceedings as it deems necessary to correct the return.
Reversed and remanded, with directions.