PER CURIAM.
The State appeals an order granting the defendant’s motion to suppress.
A Mr. Figueredo made a report to the police that a man had forcibly taken his wallet, which contained $400.00. Figueredo followed the man to a duplex and told the police the address. The police arrived at the duplex at about 4:00 A.M.; they identified themselves and were answered by a gunshot fired from within the residence. The defendant says that all he heard was a noise around the jalousie windows on the front door, and then a gun was fired from within the duplex. The police surrounded the place for three-and-one half hours, firing in tear gas. The defendant then came out, unarmed, and was taken to the hospital for treatment for tear gassing.
A detective then interviewed several people about the incident, including the defendant who was still in the hospital. The defendant refused consent for the search of his home. At about 4:00 P.M. a search warrant was issued, based on the detective’s affidavit that he believed there was a firearm and Figueredo’s wallet within the residence. The detective executed this warrant and found an automatic pistol, a revolver, a woman’s wallet, and other items not material to this cause. The detective then began to search a car on the premises, pursuant to a second warrant which is not in issue on this appeal. A woman arrived and identified herself as the defendant’s wife; the detective gave her copies of both search warrants, both affidavits, and a copy of the inventory list. The defendant points out that though he was in custody, he was never notified of the search.
After the State filed an information, charging the defendant with resisting an officer with violence, aggravated assault, robbery, and carrying a concealed weapon, *610 the defendant moved to suppress the handguns taken from his house. The trial court granted the motion to suppress, finding that the affidavit was legally insufficient and that the warrant was illegally executed because the defendant wag not notified that the warrant had been obtained and would be executed. This appeal ensued.
We reverse. First, the affidavit[1] upon which the warrant was issued was sufficient. In making the affidavit, an officer need not state exactitudes to establish probable cause but, rather, he may rely on probabilities based on his common sense deduction. State v. Malone, 288 So.2d 549 (Fla. 1st DCA 1974). Secondly, the failure to comply with a ministerial act,[2] required by statute in regard to a search warrant, will not invalidate the search unless prejudice can be shown. See: State v. Featherstone, 246 So.2d 597 (Fla. 3d DCA 1971).
Therefore, the order granting the motion to suppress, here under review, be and the same is hereby reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded, with directions.

. In seeking a warrant to search the residence for the stolen wallet and a firearm of unknown caliber, the investigating officer made out an affidavit wherein he stated:

. . On June 20, 1978, at approximately 3:22 A.M. Louis Figueredo was struck by Walter Williams and knocked to the ground. Walter Williams then forcibly took from Louis Figueredo a man’s black wallet containing in excess of $400.00 U.S. currency and identification belonging to Mr. Figueredo. Walter Williams then left the area driving ‘The Vehicle’ and was followed ... by Mr. Figueredo. Walter Williams then parked ‘The Vehicle’ and entered the residence .
“Walter Williams was apprehended by uni-, form police officers who were investigating the aforementioned incident at approximately 4:00 A.M. June 20, 1978. The officers announced their presence as police officers and were fired upon by Walter Williams from inside ‘The Premises’. Walter Williams was subsequently arrested without the weapon on his person,

. “[T]he act of leaving [a] . . . duplicate of the original search warrant is solely an ad-ministerial act . . . State v. Henderson, 253 So.2d 158, 159 (Fla. 4th DCA 1971). Accord: United States v. McKenzie, 446 F.2d 949 (6th Cir. 1971); United States v. Gross, 137 F.Supp. 244 (S.D.N.Y.1956). See: Nofs v. State, 295 So.2d 308 (Fla. 2d DCA 1974), finding that the return of a search warrant is a ministerial act and that any failure in connection therewith does not void the warrant absent a showing of prejudice, and State v. Laiser, 322 So.2d 490 (Fla.1975), generally noting that post-seizure protections are not constitutional in nature. See generally: State v. Featherstone, 246 So.2d 597 (Fla. 3d DCA 1971); Joyner v. City of Lakeland, 90 So.2d 118 (Fla.1956).