## STATE OF FLORIDA v SCHILBERG

### Case No. 58614-IB (Traffic Division)

County Court, Dade County

November 6, 1987

## OPINION OF THE COURT

STEVE LEVINE, County Judge.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS BASED ON FLORIDA STATUTE, SECTION 316.650(3)

The Defendant is charged by Uniform Traffic Citation with a violation of Florida Statutes, Chapter 316. The Defendant has asked the Court to dismiss the citation because the original and one copy of the citation were not filed with the court within five days of the issuance of the citation to the alleged violator, as required by Florida Statutes, Section 316.650(3).

The Court finds that dismissal is not an appropriate remedy for a violation of Section 316.650, in the absence of any demonstrated prejudice to the Defendant resulting from such a violation. Florida Statutes, Section 316.655, provides that a violation of *any* provision of Chapter 316, except those criminal offenses specifically enumerated, is deemed an infraction, punishable as provided in Chapter 318. Thus, a

traffic enforcement officer who fails to file the uniform traffic citation within five days from the date it was issued may be cited for a violation of Section 316.650(3). If found guilty, the officer may be subjected to the civil penalties enumerated in Section 316.655 or 318.18. Dismissal of the original uniform traffic citation is not an authorized sanction. *See* Attorney General Opinion 78-139 (addressing violations of Section 316.650(4).

Further, the filing of the citation with the Court within the five days is a ministerial act, not requiring the exercise of discretion. *City of Coral Gables v. State,* 44 So.2d 298 (Fla. 1950). The failure to comply with the ministerial act of filing the traffic citation within five days does not void the citation, unless actual prejudice is shown. *See Nofs v. State,* 295 So.2d 308 (Fla. 2d DCA 1974). No prejudice has been demonstrated in the case *sub judice.*

Finally, the uniform traffic citation is not the only charging document that may be utilized to commence proceedings for violations of Chapter 316. Florida Rules for Traffic Court 6.320 allows the use of an affidavit. Yet, there is no requirement that an affidavit be filed with the Court within five days of its issuance to the alleged violator. It would not make sense to interpret Section 316.650(3) as a jurisdictional limitation on traffic prosecutions when the state could still proceed with an alternative charging document. Such an interpretation would impose a statute of limitations or speedy file rule which was totally dependent on the means used to charge the offense. The Court does not believe that was the intent of the legislature in enacting Section 316.650(3).

WHEREFORE, the Court DENIES the Defendant's Motion to Dismiss in this cause.

DONE and ORDERED in Chambers at Miami, Florida, this 6th day of November, 1987.