207 So.2d 331 (1968)
Lovie Lue FANCE and Rosie Wells Williams, Appellants,
v.
The STATE of Florida, Appellee.
No. 67-41.
District Court of Appeal of Florida. Third District.
February 27, 1968.
*332 Walter E. Gwinn, Miami, for appellants.
Earl Faircloth, Atty. Gen., Arden M. Siegendorf and Arthur L. Rothenberg, Asst. Attys. Gen., for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
PEARSON, Judge.
The appellants were convicted pursuant to § 849.09(d) Fla. Stat., F.S.A., of "aiding and assisting in a lottery." On this appeal they present three points. The first urges that the court committed reversible error when it denied their motion to suppress evidence seized pursuant to a search warrant. The second urges that the information was both vague and duplicitous and that the court therefore committed error in refusing to quash the information. The third point urges insufficiency of the evidence to support the conviction.
The first point presents a question which requires a full discussion. At the hearing on the motion to quash, the State presented evidence that it had received information from a confidential informer that a lottery was being conducted in a certain building. The downstairs portion of the building was occupied by a poolroom, which had a room in back and a shoe shine parlor. A search warrant was issued for the premises which were described as follows:
"* * * a two-story C.B.S. building, beige in color, with a faded red roof, and housing a poolroom and shoeshine parlor among other things, located between 3547 and 3585 Grand Avenue, Coconut Grove, City of Miami, Dade County, Florida. * * *"
*333 It was admitted at the hearing on the motion to suppress that the upstairs portion of the building contained housing units in which seven persons lived. There were no markings or signs upon the building to indicate that it contained the residence units. The informant had told the officers that the gambling was being conducted in the room in back of the poolroom. The officers proceeded with the warrant to that location. They discovered the lottery paraphernalia which was introduced into evidence. The upstairs portion of the building was not searched.
Appellant moved to suppress the evidence upon the basis that the search warrant was insufficient. The trial court denied the motion and that ruling is assigned as error.
There is no doubt concerning the rule that a search warrant must conform strictly to the statutory requirements and must particularly describe the place to be searched. See State ex rel. Wilson v. Quigg, 154 Fla. 348, 17 So.2d 697 (1944). In addition, it is true that where a building contains multiple dwelling units and the State knows or reasonably should have known that a more particular description can be had, it is the duty of the State to give a particular description and a general description of the building will not suffice. See Jackson v. State, 87 Fla. 262, 99 So. 548 (1924). This rule applies to multiple housing accommodations such as hotels where several families are living. See Williams v. State, 95 Okla. Cr. 131, 240 P.2d 1132, 31 A.L.R.2d 851.
The question is whether the present warrant should be declared invalid since it included an upstairs area in which several dwellings were located. It is apparent that the warrant could have been effectively drawn by confining the area to be searched to that about which the informer gave information. Thus, instead of describing the premises as a two-story C.B.S. building, they could have been described as the downstairs portion of a two-story C.B.S. building.
The State relies upon United States v. Santore, 2 Cir.1960, 290 F.2d 51, and United States v. Jordan, 6 Cir.1965, 349 F.2d 107 for affirmance. These cases involve homes which gave the outward appearance of a one family house, but had a second family living in a subdivided portion. Each opinion reached the conclusion that the authorities had no reason to know that the building was other than a one family residence. To apply the exception which the State urges, the record must show that there was no reason for the issuing authority to know that the building was other than a single unit. The physical description available to the authorities in the instant case does not lead to that conclusion. For two recent cases holding similar warrants invalid, see Commonwealth v. Copertino, 1966, 209 Pa. Super. 63, 224 A.2d 228; State v. Costakos, R.I. 1967, 226 A.2d 695.
A search warrant is sufficient if the officer charged with making the search is able with reasonable effort to identify and ascertain the place intended to be searched with certainty. Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757. The description in this warrant was so indefinite that under the authority of the warrant an officer could have exercised selective discretion in determining where he could search and thereby would have invaded the property of strangers to the process. The warrant commanded the police to conduct a blanket search of an entire building when probable cause was shown for only a portion of that building. The State has not shown that it had a reasonable basis for assuming that the building was a single occupancy building. Therefore, the motion to quash the search warrant and suppress the evidence seized thereunder should have been granted.
The judgment and sentence are reversed, and this cause remanded for a new trial.
Reversed and remanded.