PER CURIAM.
The state brings this interlocutory appeal from an order in a criminal prosecution which granted the three defendants’ motion to suppress certain evidence seized under a search warrant.
The issue is whether the search under the warrant was authorized. We hold that the warrant does not sufficiently describe the premises and affirm the order appealed.
The trial court granted the motion to suppress on the following grounds: (1) the search warrant did not conform to the statutory requirements in that it did not sufficiently and with particularity describe the premises to be searched; (2) the state should have reasonably known that a more particular description of the building to be searched could be obtained; (3) the search of the upstairs Fernandez apartment, in addition to the above, was improperly conducted. The trial court relied primarily upon Fance v. State, Fla.App.1968, 207 So.2d 331.
This state seeks reversal and argues in support thereof, that the warrant was legally executed by the proper conduct of the search. In particular the state urges the applicability of the “doctrine of community occupation,” that is, a warrant may validly direct a search of an entire multi-unit building if probable cause is shown for believing that the entire premises are actually being used as a single unit. See: Anno. 11 A.L.R.3d 1330, 1341-1343 (1967). The state also suggests the applicability of “entire premises as suspect doctrine,” that is, a search warrant may validly direct a search of a multi-unit building if the entire structure is suspect and probable cause is shown for a search of it all. See: Anno. 11 A.L.R.3d 1330, 1343-1344 (1969).
The rules stated in Fance v. State, Fla.App.1968, 207 So.2d 331, 333, are well settled. A search warrant must conform strictly to the statutory • requirements, and must particularly describe the place to be searched. See § 933.18 and § 933.02, Fla. Stat., F.S.A. Where a building contains multiple dwelling units, and the state knows or reasonably should have known that a more particular description can be had, it is the duty of the state to give a particular description, and a general description of the building will not suffice.
The warrant, dated September 6, 1968, in pertinent part, reads as follows:
“ * * * in a certain building and the curtilage thereof, namely, that certain *900 premises known as 615 Whitehead Street, Key West, Monroe County, Florida, being more particularly described as a wood frame construction, two story dwelling house painted white with green trim with the numbers 615 painted on a supporting post at the southwest corner of said house, said house being located on the east side of Whitehead Street facing Whitehead Street, being the premises occupied by or under the control of Luz Marie Gordillo and Ernesto Gordillo; and there is now kept * * * lottery tickets, lottery pads, United States currency used in connection with the operation of an illegal lottery, tally sheets, lottery records and other paraphernalia commonly used in the operation of an illegal lottery * * * ” [Emphasis added.]
On September 2, 1968, Florida Bureau of Law Enforcement agents executed the instant warrant, and searched both floors in the building described. A large quantity of lottery materials and a large quantity of cash were discovered and seized. The trial court, after an evidentiary hearing in which about twenty witnesses testified, found as a fact that the frame building at 615 Whitehead Street contained “two separate, unconnected apartments, one upstairs and one downstairs.” He found that the downstairs apartment was occupied by Mr. and Mrs. Gordillo and Mrs. Gordillo’s ailing mother, but that the upstairs apartment was occupied by M. L. Fernandez, a nephew of Mrs. Gordillo.
The finding that the house contained two separate apartments was based upon documentary and testimonial evidence. It is based upon competent substantial evidence and will not be upset. For instance, the trial court order based its conclusion, in part, upon the following: There were two separate telephone installations in two different names at the same address; two separate electric meters with two separate accounts in different names for electric service; two separate accounts in different names for garbage disposal service. The premises had at least one separate entrance for the downstairs apartment and one for the upstairs apartment. Also, the Florida Bureau of Law Enforcement agent who had executed the affidavit upon which the search warrant issued was informed, prior to the application for the warrant, by a sheriff’s department officer that the instant dwelling contained two separate apartments. The agent also personally observed the exterior of the premises on several occasions prior to applying for the warrant.
In Fance, supra, the question was whether the warrant should have been declared invalid because an upstairs area in which several dwellings were located were included. The upstairs portion of the building was not searched; but, in the case sub ju-dice, the separate upstairs apartment was searched. There, the warrant could have been effectively drawn by confining the area to be searched to that about which the informer gave information. Rather than describing a two-story C. B. S. building, the officials in that case could have described it as the downstairs portion of a two-story C. B. S. building.
The police had information from reliable, confidential informers who had been inside the building and information from police officers who had observed the exterior of the building over a period of time. Therefore, in the instant case, a valid search warrant would have limited the area to be searched. For instance, rather than describing the area to be searched as a two-story frame dwelling house, occupied or under the control of certain persons, the authorities could have described it as the downstairs portion of a two-story frame dwelling house occupied or under the control of the applicable persons.
*901 By reason of our holding that the warrant was deficient, we need not pass upon those issues relating to the conduct of the search.
Affirmed.
BARKDULL, J., dissents.