292 So.2d 596 (1974)
Vincent LAW, Appellant,
v.
STATE of Florida, Appellee.
Nos. 73-91 to 73-94.
District Court of Appeal of Florida, Second District.
April 3, 1974.
*597 James A. Gardner, Public Defender, Sarasota, and Mary Jo M. Gallay, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant/defendant, Vincent Law, was charged in four separate informations with violation of the Florida Drug Abuse Law, Chapter 404, Florida Statutes, F.S.A. Case No. 73-91 charged the defendant with possession of cannabis sativa on June 19, 1972, the quantity not being alleged therein. In Case No. 73-92, defendant was charged with possession of narcotics paraphernalia on June 19, 1972. In Case No. 73-93, defendant was charged with possession of cannabis sativa, with others (not here under consideration) on June 19, 1972, quantity not being alleged therein. In Case No. 73-94, defendant was charged with possession of cannabis sativa, on July 17, 1972, quantity not being alleged. He entered a plea of not guilty to each offense at the arraignment proceedings. On the day that the trial was scheduled to commence, the state, through its attorney, moved the court to amend the informations to specify the quantity of narcotics defendant was alleged to have possessed. This motion was granted and the informations in Case Nos. 73-91, 73-93 and 73-94 were *598 amended alleging the defendant to have been in possession of more than five grams of marijuana. Defendant timely objected to the motion to amend in Case No. 73-94 and, in as far as we are able to ascertain from the record, to the motions to amend in Case No. 73-91 and Case No. 73-93.
After hearing, the trial court denied defendant's motion to dismiss and motion to suppress the evidence. The defendant, through his counsel, moved and was permitted by the trial court to change his plea from not guilty to nolo contendere to each offense. In doing so, he preserved his right to appeal the adverse rulings mentioned above.
The trial judge, upon determination that the plea of nolo contendere was entered understandingly and knowingly, accepted the plea. Whereupon, defendant, in Case No. 73-91, was adjudged guilty and sentenced to serve three years in state prison, with credit for time spent in jail. In Case No. 73-92 and Case No. 73-93, defendant was adjudged guilty and sentenced to three years in the state prison to run concurrently with Case No. 73-91. In Case No. 73-94, he was sentenced to one year in the state prison to run consecutively with the sentence imposed in Case Nos. 73-91, 73-92, and 73-93.
This timely appeal followed and the cases were consolidated for appeal purposes.
Appellant has raised several points on appeal and each has been carefully considered in the light of the record and applicable statutory and case law and found to be without merit. Notwithstanding, we feel compelled to discuss several of the points presented.
First, the appellant asserts that the circuit court lacked jurisdiction over the cases at the time the original informations were filed against him. We agree for the reason that the informations lacked the essential allegations to constitute the offense of unlawful possession of narcotics, a felony, i.e., that the quantity of marijuana possessed by the appellant exceeded five grams as provided in Section 404.15, Florida Statutes, F.S.A.
Appellant's reliance for reversal upon the law enunciated in Pope v. State, Fla.App.2nd, 1972, 268 So.2d 173, and Carr v. State, Fla.App.2nd, 1972, 267 So.2d 684, is not well placed. The case sub judice is distinguishable from Pope and Carr, supra, in that the informations here were amended prior to trial to include the allegation that the quantity of marijuana possessed by appellant exceeded five grams as provided in 404.15, supra. Appellant, therefore, contends that the amendments were improvidently allowed by the trial court and that, therefore, this court should reverse the decision of the trial court. It is to be noted that this court in both Pope and Carr, supra, in reversing the convictions granted the state leave to amend the possession charge to include the quantity alleged to be in possession of the defendant or to refile the cause in the appropriate court. It was within the sound judicial discretion of the trial judge to permit the amendment to the informations. See Rule 3.140(o), 33 F.S.A., CrPr. The informations being amended prior to the taking of testimony, there cannot be any serious question raised as to prejudice or double jeopardy.
Appellant further asserts that the trial judge erred in denying the motions to suppress the evidence. The said motions were based on the allegation, inter alia that the supporting affidavit filed was defective in that it was not based on the personal knowledge of the affiant and that the search warrant was void on its face for the same reason and for the additional reason that it gave the police officers general authority to search, rather than specifically describing the areas that were to be searched. After reading the affidavit we conclude that the appellant's contention in this regard is likewise not well founded.
The said affidavit and the search warrant disclose without doubt that the affiant conducted an independent investigation to determine the reliability and veracity of his *599 confidential informer. This investigation conducted by the affiant included the purchase of marijuana by the informant and verification of this fact by a search of the informant's person by the affiant both before and immediately after the purchase of the drug. We conclude that sufficient personal knowledge was alleged in the affidavit to support the issuance of the search warrant by the magistrate.
Finally, we discuss the point raised by appellant that the search warrant did not describe, with sufficient particularity, the place to be searched as required by Section 933.04, Florida Statutes, F.S.A., the Fourth and Fourteenth Amendments to the United States Constitution and Section 12 of the Declaration of Rights of the Florida Constitution, F.S.A.
The warrant authorized a search of the dwelling and the curtilage which were definitely and sufficiently identified together with any "... vehicles parked thereon... ." The only viable argument available is that the reference to any vehicles may have been overly broad. We give little credence to this assertion for it has been established in Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948), and subsequent case law that the description of property in a search warrant is sufficient if the officer can, with reasonable effort, identify the intended place to be searched. We find that the description in the search warrant of the place to be searched, which was in fact searched, satisfies the required standard of specificity. We point out that the search of the vehicle parked on the premises did not produce any evidence used against the appellant, Law.
Appellant having failed to demonstrate reversible error, abuse of discretion or misapplication of the law by the trial court, the judgments and sentences are, therefore,
Affirmed.
HOBSON, Acting C.J., and McNULTY, J., concur.