SCHWARTZ, ALAN R., Associate Judge.
The defendants appeal from judgments of guilt and sentences for possession of *78 cannabis. We reverse because the trial judge erroneously denied their motion to suppress the forty pounds of marijuana introduced against them.
Based upon what were concededly ample grounds to believe that contraband was contained in a separate cottage located some distance to the rear of a two-story, red and white house in Fort Lauderdale, police secured a search warrant which described the property in question only as a:
“. . . two story wood frame house, color red with white trim, located at 929 Northeast 16th Terrace, and the curtilage thereof . . . .”
The marijuana was in fact discovered, upon an execution of the warrant, in the residence located at the back of the described house.
It is apparent that the warrant did not adequately or sufficiently describe the premises which were searched and in which the cannabis was actually found. The entirely separate cottage in which these events occurred was not specified in the warrant and cannot properly be regarded as within the “curtilage” of the larger house which was described. State v. Gordillo, 245 So.2d 898 (3 DCA Fla.1971); Fance v. State, 207 So.2d 331 (3 DCA Fla.1968); Dunnavant v. State, 46 So.2d 871 (Fla.1950); Fla. Stat., Secs. 933.02, 933.18; cf. Joyner v. State, 303 So.2d 60 (1 DCA Fla.1974).
On appeal, however, the state attempts to justify the search on grounds unrelated to the thus ineffective warrant. It claims that it was either undertaken incident to a valid arrest (the police, as they put it, “froze” the occupants of the larger house and did not permit them to leave that structure for an hour or more while waiting for the search warrant to arrive), or that it was a permissible “emergency search.” Neither contention may be accepted.
As to the former, we need not decide whether we agree with the Attorney General that reasonable cause existed for a war-rantless arrest of the defendants or with the police officers who were themselves unwilling to characterize their otherwise utterly unjustified “freeze” as an arrest at all because they felt they had no lawful basis for making one. This is so because, even if a valid arrest took place, the search of a building entirely separated from the one in which the persons arrested were being detained was plainly not properly incidental to it. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
And a mere speculative claim, particularly one made only at the appellate level, that the contraband “might” have been removed if it had not been seized without a valid warrant, is just as plainly an insufficient basis upon which to justify the search as arising out of an “emergency” or from “exigent circumstances.” Hannigan v. State, 307 So.2d 850, 852 (1 DCA Fla.1975); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Since that is the only ground suggested for the state’s theory in this regard, this contention must be rejected as well.
REVERSED AND REMANDED, with directions to grant the motion to suppress.
DOWNEY, J., and MORROW, RUSSELL O., Associate Judge, concur.