363 So.2d 401 (1978)
Frederick DETHLEFSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2046.
District Court of Appeal of Florida, Fourth District.
October 18, 1978.
*402 Richard L. Jorandby, Public Defender, and Joseph R. Atterbury, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
For us to consider is the adequacy of the description, on a search warrant, of the place to be searched. Appealed is an order placing the appellant on probation after his nolo contendere plea. He specifically reserved his right to appeal the denial of his motion to suppress when he entered his plea.
The description on the warrant is:
"A two story duplex dwelling house of wood frame construction, white in color, having the numerals `622' affixed on the exterior wall, just east of the easternmost front door facing north, and said building located at 622 East Anderson Street, in the City of Orlando, County of Orange, State of Florida. The portion of said building to be searched is the easternmost half and may be gained entry by entering the left or easternmost door."
The description on a search warrant is sufficient if the executing officer can identify, with reasonable effort the place to be searched Law v. State, 292 So.2d 596 (Fla. 2nd DCA 1974). If a building contains more than one dwelling unit and the State, which seeks the search warrant for the unit, has the duty to describe the particular unit to be searched and cannot use a general description of the entire building on the affidavit and warrant. State v. Gordillo, 245 So.2d 898 (Fla. 3d DCA 1971).
Here the police were directed to search a portion of a building  "the easternmost half." Entry to that portion to be searched was to be gained "by entering the left or easternmost door." The problem arises when we find that the building is not divided into an east half and west half but is divided into an upstairs and downstairs. Thus if the police search the easternmost half of the building they would be searching two apartments instead of one. There is nothing in the warrant or the affidavit for the warrant to indicate more than one dwelling was to be searched so there is a conflict at this point as to what to search.
The executing officers were directed to enter by the left or easternmost door. When entry was made it was made through this door and the entire downstairs apartment (including the western part) was searched. No attempt to enter the western door and the upstairs half of the duplex is alleged. In fact, although it is not determinative of this case, the seized hashish was found in the eastern half.
We find this case to be quite similar to Nofs v. State, 295 So.2d 308 (Fla. 2nd DCA 1974) and we ascribe to the standard stated in United States v. Johnson, 541 F.2d 1311 (8th Cir.1976), "The constitutional standard for particularity of description in a search warrant dictates that the language be sufficiently definite to enable the searcher to reasonably ascertain and identify the place authorized to be searched ..."
In Nofs, supra, the search warrant described the place to be searched as "the western-most apartment on the second story of the building." When the officers executed the search they found the building to be divided vertically so that the western entrance on the second floor was into a *403 single apartment with an upstairs and a downstairs. The other apartment was not intruded upon and could not have been, since the entry door was only into the one townhouse type apartment.
In our case the facts are different only in that entry through the described door gained access to an apartment which is the lower half of a building divided horizontally rather than the west half of a building divided vertically. No intrusion was made on other premises and no access could be made through the described door. The standard to be applied is one of practical accuracy rather than technical nicety. United States v. Johnson, supra.
There is no error and the order is affirmed.
AFFIRMED.
DOWNEY, C.J., and ANSTEAD, J., concur.