442 So.2d 380 (1983)
STATE of Florida, Appellant,
v.
Lewis Clifton WEAVER, Appellee.
No. 83-1221.
District Court of Appeal of Florida, Second District.
December 9, 1983.
*381 Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellant.
Nicholas G. Schommer and Steve D. Kackley, Sebring, for appellee.
HOBSON, Judge.
The state appeals the lower court's order granting defendant's motion to suppress certain evidence seized under a search warrant. The issue is whether the search under the warrant was authorized. We hold that the portion of the private home rented by the defendant was within the scope of the premises described in the search warrant and therefore reverse and remand.
The defendant was charged by information with possession of a controlled substance in violation of section 893.13(1)(e), Florida Statutes (1981). The defendant filed a motion to suppress evidence, alleging that the search of the defendant's property was conducted without a search warrant and that the search did not meet any of the exceptions to the warrant requirement recognized under Florida law. On April 13, 1983, a hearing was held on the defendant's motion to suppress.
At the hearing on the motion to suppress, testimony revealed the following facts: The defendant rented a room at the home of Gerald Cooper, located at 4334 Snapper Drive, Sebring, Florida. On November 17, 1982, the Highlands County Sheriff's Department executed a search warrant at the Cooper home based upon the fact that three "drug buys" by undercover officers had occurred at the Cooper residence. The warrant did not direct the officers to search a particular person, but merely identified 4334 Snapper Drive as the premises to be searched. The defendant, who was present at the time the warrant was executed, advised the police officers conducting the search that he was renting a room in the Cooper home and would not consent to a search of his room. It was stipulated at the hearing that the officers had no knowledge or reason to know that the defendant was living in the Cooper home until they arrived at the residence.
The defendant testified that he began renting the room only two weeks prior to the time the search warrant was executed. He described the room as a converted garage with sliding glass doors in front and two entrances. The defendant admitted that the occupants of the house would not have to use a key to get into his room and that some of the Coopers' personal belongings remained in the room during the rental period. After the police officers informed the defendant that they were going to search his room, he advised them of the presence of marijuana.
The lower court, in granting defendant's motion to suppress evidence, reasoned that the rented room was separate and apart from the house itself and that the police officers were made aware of the fact that the room was under the control of a second party. Thus, the lower court concluded that a search of the defendant's room required a separate search warrant. We cannot agree.
The law is well settled that a search warrant must conform strictly to the statutory requirements and must particularly describe the place to be searched. Fance v. State, 207 So.2d 331 (Fla. 3d DCA 1968). Where a building contains multidwelling units, and the state knows or reasonably should have known that a particular description can be had, it is the duty of the state to give a particular description and a general description of the building will not suffice. State v. Gordillo, 245 So.2d 898 (Fla. 3d DCA 1971).
The foregoing legal principle, stated another way, has been recognized by federal and state courts in other jurisdictions. That is, where the police officers do not know nor have reason to know, prior to the execution of the search warrant, that the building involved is multi-unit in character, the warrant and resultant search and seizure have been held to be constitutionally permissible. See, e.g., United States v. Davis, 557 F.2d 1239 (8th Cir.), cert. denied *382 434 U.S. 971, 98 S.Ct. 523, 54 L.Ed.2d 461 (1977); United States v. Santore, 290 F.2d 51 (2d Cir.1960), cert. denied 365 U.S. 834, 81 S.Ct. 749, 5 L.Ed.2d 744 (1961); 11 A.L.R.3d 1330, 1344 (1969). In United States v. Santore, the agent or affiant had no knowledge and was not warned that others lived in the apartment until after the officers had entered the apartment and had shown a copy of the warrant to the defendant. The court upheld the warrant and search of the entire apartment, finding it was too late, consistent with the success of the agent's mission, to require the agent to withdraw and obtain a new warrant.
In the instant case, the officers possessed a search warrant directing them to conduct a search of a single-family home. At the time the warrant was sought, the officers did not know nor did they have any reason to know that the residence contained a separate rental unit.
We are aware that the researched case law, including the above cited cases, is factually distinguishable from the case at bar. Nevertheless, in applying the same legal principles to the particular facts of the instant case, we conclude that the search of the defendant's rented room and seizures pursuant thereto were in all respects legal.
Accordingly, we reverse the order granting the defendant's motion to suppress evidence and remand to the trial court with instructions to initiate proceedings consistent herewith.
REVERSED and REMANDED.
OTT, C.J., and LEHAN, J., concur.