STONE, Judge.
The state appeals an order granting a motion to suppress evidence discovered pursuant to a search warrant on the basis that the language in the warrant was “vague, overbroad and not particularly descriptive.” We reverse.
An undercover detective executed an affidavit in support of the warrant, stating that he had personally engaged in a drug purchase in the apartment of a man called Hector. Hector had taken the detective’s money into the apartment bathroom and returned with cocaine. The detective had information from an informant that there was another door in the bathroom and that Hector would slip the money under the door in exchange for the cocaine. The affi-ant did not know what was on the other side of the door.
The search warrant included Hector’s apartment “plus any area which is connected to the apartment via the above described *513 apartment’s bathroom door.” The room on the other side of the door, in which the defendant and the suppressed evidence were found, was part of a separate living unit. The building containing Hector’s apartment at one time had been a single family residence, but was now divided into multiple living units. It was not a clearly structured apartment building, but was more communal in character.
The defendant argues that the search warrant here was improper because it did not sufficiently limit the scope of the search. The Fourth Amendment provides that no search warrant shall issue unless it “particularly” describes the place to be searched.
In order to prevent the use of general warrants and wide-ranging exploratory searches, the description in a search warrant must be sufficiently specific to lead the searching officers to the correct location. See United States v. Ofshe, 817 F.2d 1508 (11th Cir.), cert, denied, — U.S.-, 108 S.Ct. 451, 98 L.Ed.2d 391 (1987); Jackson v. State, 87 Fla. 262, 99 So. 548 (1924); State v. Palmer, 474 So.2d 1250 (Fla. 1st DCA 1985); State v. Brooker, 449 So.2d 386 (Fla. 1st DCA 1984); Shedd v. State, 358 So.2d 1117 (Fla. 1st DCA 1978). A warrant is sufficient if the description is such that the officer can, with a reasonable effort, ascertain and identify the intended location for the search. Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925); Dethlefsen v. State, 363 So.2d 401 (Fla. 4th DCA 1978); Law v. State, 292 So.2d 596 (Fla. 2d DCA 1974).
In a multiple-unit building, a warrant should describe the particular section to be searched. United States v. Ofshe, 817 F.2d 1508 (11th Cir.1987); Dethlefsen v. State; State v. Gordillo, 245 So.2d 898 (Fla. 3d DCA 1971). However, this general rule does not apply in those cases where the suspects control the entire premises or where the premises extending beyond a single unit are also suspect and are covered by the warrant. Cf United States v. Ofshe; United States v. Butler, 793 F.2d 951 (8th Cir.1986); United States v. Whit-ten, 706 F.2d 1000 (9th Cir.1983), cert, denied, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984); United States v. Gil-man, 684 F.2d 616 (9th Cir.1982); United States v. Gill, 623 F.2d 540 (8th Cir.), cert, denied, 449 U.S. 873, 101 S.Ct. 214, 66 L.Ed.2d 94 (1980); United States v. Page, 580 F.2d 916 (7th Cir.1978).
The trial court was concerned that no additional investigation was conducted, such as with the landlord or utility companies, to determine whether the door led to a separate apartment. However, there is no such specific obligation placed on an investigating officer. Whether a more particular description could have been obtained without jeopardizing the case is speculative. The validity of the warrant should be judged in light of the information available. See Maryland v. Garrison, 480 U.S. 79, 107 S.Ct. 1013, 1017, 94 L.Ed.2d 72 (1987). Additionally, here there was probable cause revealing that criminal activity was in fact taking place on the other side of that door, regardless of whether the “area” turned out to be a part of Hector’s unit, a hallway, a closet, or a room in a separate unit.
The description in the warrant identified the location to be searched as the area connected to Hector’s apartment on the other side of the bathroom door. This description was as specific as could be expected given the information available, all of which was disclosed to the judge issuing the warrant. The order of the trial court is therefore reversed and the case is remanded for further proceedings. We find the other issue raised by the defendant to be without merit.
DOWNEY and LETTS, JJ., concur.