# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2555

_____

Charles Lewis

*Plaintiff - Appellee*

v.

City of St. Louis; Vernon Betts; Jeff Carson; Charlene Deeken

*Defendant*s

Kimberly Gardner

*Defendant - Appellant*

Dale Glass; Unknown Assistant Circuit Attorney; Unknown Lieutenant, I;
Unknown Lieutenant, II; Unknown Lieutenant, III; Unknown Sheriff's Employee

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 16, 2019
Filed: July 26, 2019

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After Charles Lewis spent approximately eight days in jail following the dismissal of criminal charges against him, he sued St. Louis Circuit Attorney Kimberly Gardner and others, asserting they were responsible for his delayed release. Gardner moved to dismiss Lewis's complaint against her on the grounds of qualified and absolute immunity, but the district court denied her motion. Arguing the district court erred in doing so, Gardner has filed this interlocutory appeal. We agree with her that she is entitled to qualified immunity, and so we do not reach the issue of whether she is also entitled to absolute immunity.

At this stage in the proceedings, we accept as true the facts alleged in Lewis's complaint. *See Olin v. Dakota Access, LLC*, 910 F.3d 1072, 1075 (8th Cir. 2018). In 2016, Charles Lewis was arrested and charged with two counts of making terroristic threats. He denied making these threats, and he was detained pending trial. At trial the jury acquitted him of one count but was hung on the second count. Lewis was returned to jail after trial.

About two months later, with the date of the retrial on the second count nearing, the Circuit Attorney's Office, through Gardner and an unknown assistant circuit attorney, dismissed the remaining charge against Lewis by filing a "Memorandum of Nolle Prosequi." Five days later Lewis's attorney was notified of the dismissal of the charge, but two days after that Lewis's attorney discovered Lewis's name on the jail roster. When the attorney called the St. Louis City Sheriff's Office, he was told that Lewis had not been released because there had been "a hold issued by Jefferson County." The attorney then called the Jefferson County court and was told that no hold had been issued. Meanwhile, Lewis was transferred to another jail in St. Louis, and he repeatedly told officers during and after the transfer that he should be released, to which at least some replied that the hold from Jefferson County

prevented his release. Lewis was eventually released about eight days after the Circuit Attorney's Office had filed the nolle prosequi.

As a result of his delayed release, Lewis sued the City of St. Louis and a host of its employees and officials, including Gardner. He asserted that Gardner had violated his constitutional rights to due process and to be free from unreasonable seizure, had failed to establish policies and train staff to ensure citizens would not be wrongfully imprisoned, had established a pattern or practice whereby citizens were wrongfully imprisoned, and had committed the state-law tort of false imprisonment. Gardner moved to dismiss, arguing, among other things, that she was entitled to qualified immunity because the complaint did not establish how she was personally involved in violating a clearly established constitutional right. The district court disagreed and held that, at this early stage, Lewis had alleged that "Gardner was on notice of and deliberately indifferent to or authorized the violations alleged."

We review the denial of a motion to dismiss based on qualified immunity de novo. *Barton v. Taber*, 820 F.3d 958, 963 (8th Cir. 2016). A government official is entitled to qualified immunity if her conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *White v. Pauly*, 137 S. Ct. 548, 551 (2017). For the right to be clearly established, case law need not be directly on point, but it must place the constitutional question beyond debate. *Id.*

The district court and Lewis characterize the clearly established right at issue as the right of a person not to be detained after charges against him have been dismissed. As a matter of abstract legal principle, this statement is unexceptionable. But as the Supreme Court and our court have cautioned on several occasions, "clearly established law should not be defined at a high level of generality" but must instead "be particularized to the facts of the case." *Id.* at 552; *see also Estate of Walker v. Wallace*, 881 F.3d 1056, 1061 (8th Cir. 2018). So the relevant question is whether the law clearly establishes that Gardner, or someone in her office, must go beyond the

-3-

filing of a nolle prosequi to ensure the release of those against whom no charges are pending. Lewis bears the burden of showing that the law is clearly established. *See Estate of Walker*, 881 F.3d at 1060.

Lewis alleges in his complaint that Gardner has "a responsibility to communicate the dismissal of criminal charges to" the state court, the city's sheriff's office, and "to those with direct custody over people incarcerated by the City of St. Louis." But, of course, we need not accept legal conclusions couched as factual allegations as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). Instead, Lewis must show that clearly established law imposed this duty on Gardner. He hasn't. Lewis has not offered a single authority purporting to place this responsibility with Gardner or her subordinates, as opposed to, say, the state court itself; it could just as well be that the state court clerk is responsible for giving notice of the dismissal to those who have custody of Lewis. We can hardly conclude, therefore, that Gardner violated Lewis's constitutional rights.

Even assuming Gardner had the legal responsibility to notify the sheriff and other relevant authorities, Lewis has not actually alleged that Gardner did not satisfy that responsibility. Nowhere in his complaint does Lewis allege that Gardner did not immediately notify the requisite people that charges against Lewis had been dropped. In fact, the reason given for Lewis's continued detention was not a lack of notice regarding the city's dismissal of charges against him; rather, it was that another county had put a hold on Lewis's release. Nor does Lewis allege anywhere that Gardner was involved in Jefferson County issuing the hold or asserted that she was legally obligated to investigate or challenge it. We therefore cannot see how Lewis's complaint alleges a plausible claim for relief against Gardner on any of Lewis's federal claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672–75 (2009).

We conclude, moreover, that Lewis's state-law false-imprisonment claim against Gardner should be dismissed as well. Though ordinarily premature, we may

take up Gardner's interlocutory appeal of the district court's denial of her motion to dismiss this claim now because it is inextricably intertwined with the properly appealed matter of qualified immunity. *See Langford v. Norris*, 614 F.3d 445, 458 (8th Cir. 2010). Our conclusion that Lewis's complaint does not plausibly show that Gardner was personally involved in Lewis's delayed release necessarily requires that Lewis's false-imprisonment charge against Gardner be dismissed since such a claim likewise requires Gardner's personal involvement. *See State ex rel. Green v. Neill*, 127 S.W.3d 677, 679 (Mo. banc 2004).

We therefore reverse and remand for further proceedings.

_____