# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1860

_____

Richard Thiel

*Plaintiff - Appellant*

v.

Sheriff Stephen Korte, in his individual and official capacities; Detective Joseph Minor, in his individual capacity; Major Josh Baker, in his official capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Hannibal

_____

Submitted: March 10, 2020
Filed: April 2, 2020

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After two separate encounters with sheriff's deputies in Pike County, Missouri, Richard Thiel sued them and the sheriff, alleging they had violated his constitutional right to be free from unreasonable searches and seizures and his right to due process.

The district court[1] rejected his claims and granted the defendants' motion for summary judgment—a decision that Thiel appeals.

The first encounter at issue here occurred after Deputy Joseph Minor received word that a stolen vehicle was on Thiel's property. The parcel of property in question encompassed Thiel's residence and some buildings that Thiel used for farming and for his business, which involved the management of foreclosed properties. Minor and Deputy Josh Baker investigated by going onto a neighboring property, and from there onto Thiel's property. After they located the vehicle in question, Minor swore out an affidavit that was used to obtain a warrant authorizing a search of the property and the seizure of the stolen vehicle.

The deputies executed the warrant and had the vehicle towed. But, being unable to find the keys to the vehicle, they expanded their efforts, which led them to search in private areas of Thiel's home, including his underwear drawer. They eventually found a key and fob that they suspected belonged to the stolen vehicle. Thiel was never charged with any crimes as a result of this incident.

The second encounter at issue here occurred the following month when Bonnie Murray and two others went to Thiel's house to pick up checks for work they had performed for Thiel. They parked their truck at the end of his driveway. Murray got out of the truck and walked down the driveway to the residence while the two others remained in the truck. After Murray got her check and started back down the driveway toward the truck, the trio heard gunshots and believed that Thiel was shooting at Murray. Murray quickly got into the truck, and they sped away.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

After all three provided statements to the Sheriff's Office, Minor and Baker went to Thiel's house to speak with him. Thiel initially claimed that his arthritis prevented him from shooting guns, but he later admitted to shooting a shotgun earlier that morning. The officers then obtained a warrant to search his residence and seize "any and all handguns and evidence of a firearm being fired at the residence in the last 7 hours including but not limited to a gunshot residue test of [Thiel] and the clothes of [Thiel] for purposes of testing for gunshot residue." When the warrant was executed officers seized various handguns, holsters, and other items. Thiel was not charged with any crimes.

We review the district court's grant of summary judgment de novo, viewing the evidence in a light most favorable to Thiel. *See Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019). Thiel maintains that Minor and Baker exceeded the scope of the first warrant when they continued searching his property for keys to the stolen vehicle. He contends that they were aimlessly rummaging around in his property in bad faith for purposes of harassment.

We agree with the district court that Minor and Baker are entitled to qualified immunity, which shields government officials from liability when their "conduct does not violate clearly established constitutional rights of which a reasonable person would have known." *See Lewis v. City of St. Louis*, 932 F.3d 646, 649 (8th Cir. 2019). To prevail, Thiel must demonstrate that the law is clearly established, *id.*, but he has failed to show that officers who act as Minor and Baker did in the circumstances involved in this case violate clearly established law. In fact, our court has intimated that officers may seize component parts of items that a warrant designates to be seized, *see United States v. Butler*, 793 F.2d 951, 953 (8th Cir. 1986), so we believe that a reasonable officer under the circumstances could think authorization to seize the vehicle included implicit authorization to seize the vehicle's keys. We point out, moreover, that "[i]tems not mentioned in a warrant may be seized so long as they are reasonably related to the crime for which the warrant issued." *See Stepnes v. Ritschel*,

663 F.3d 952, 962 (8th Cir. 2011). A reasonable officer could believe that the location of the keys was reasonably related to the suspected crime because it could provide evidence that Thiel himself placed the car on the property rather than someone else. And finally, though Thiel asserts that the particular officers here acted in bad faith, their subjective intentions play no role in resolving the Fourth-Amendment issue. *See Brigham City v. Stuart*, 547 U.S. 398, 404–05 (2006). What controls is what an objectively reasonable officer could believe.

Thiel also maintains that Baker and Minor went too far in executing the second warrant when they seized antique handguns, handguns in unopened boxes, and gun holsters. We disagree. That warrant authorized officers to seize "any and all handguns," so we think it reasonable for officers to seize even antique guns and guns in unopened boxes. Seizure of the holsters was also proper given that they were reasonably related to the suspected crime at issue, *see Stepnes*, 663 F.3d at 962, especially when they corroborated Murray's account that Thiel had a gun on him when she went to his house and tended to discredit Thiel's initial excuse that he could not shoot guns.

In a related contention, Thiel argues that the second warrant did not state with sufficient particularity the items that officers could seize. The Fourth Amendment requires that a warrant particularly describe the things to be seized. *Groh v. Ramirez*, 540 U.S. 551, 557 (2004). Thiel says that the warrant here was insufficiently particular because "[i]t allows the officers to make subjective determinations about whether or not handguns had been fired within the last seven hours." Even assuming that a warrant that gives officers room to make "subjective determinations" on the scene could render it insufficiently particular, the warrant here allowed officers to seize "any and all handguns," not just those fired within the last seven hours, so a central assumption of Thiel's argument is simply incorrect. And even though the warrant allowed officers to collect evidence (such as Thiel's clothing) that might show whether he had fired a gun in the last seven hours, we do not think this

description is insufficiently particular; in fact, it arguably provides a limit on what officers could seize.

According to Thiel, the district court also erred in granting summary judgment to Sheriff Stephen Korte, whom Thiel sued in both an official and individual capacity. Though supervisors like Korte can be held individually liable for directly participating in a constitutional violation or failing to supervise or train officers, *see Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006), all agree that Korte did not participate in obtaining or executing the warrants. Nor did Thiel assert in his complaint that Korte had failed to train or supervise his deputies. This argument is without merit.

The official-capacity claim against Korte is essentially a claim against the county itself. *See Miller v. City of St. Paul*, 823 F.3d 503, 506 (8th Cir. 2016). To hold the county liable when an agent or employee violates a plaintiff's constitutional rights, the violation must stem from an official municipal policy or custom. *See Waters v. Madson*, 921 F.3d 725, 743 (8th Cir. 2019). Thiel has failed to provide any evidence of an official policy, whether devised by Korte or anyone else, that Baker and Minor acted under when they procured or executed the warrants here. Nor has he demonstrated a municipal custom that led to a constitutional violation. Only "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" can give rise to municipal liability. *See Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016). Though Thiel alludes to prior complaints against Baker and Minor, he fails to provide the details necessary for us to determine whether these complaints were sufficiently numerous, or involved conduct sufficiently similar to what is alleged here, to make out the existence of an actionable custom. *See Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999). Thiel's claim against Korte in his official capacity therefore fails.

Finally, Thiel claims that Korte violated his procedural-due-process rights when he refused to return seized property. The district court identified a procedure Thiel could invoke to obtain the return of his property—filing a motion under Mo. Rev. Stat. § 542.301. On appeal, Thiel does not contend that a motion under § 542.301 is unavailable to him or would not afford him due process, so we do not consider those questions. He instead argues that he did not need to file such a motion before he could pursue his federal claim. But as the Supreme Court has explained, a procedural-due-process violation does not occur "unless and until the State fails to provide due process." *See Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Since adequate process was available here, or at least Thiel does not challenge the determination that it was, we reject his claim.

Affirmed.

_____